NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2012
Decided October 18, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 11-3695

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 10-10098-001 |
| DIETRICH JOEL RICHARDSON II, *Defendant-Appellant*. | James E. Shadid, *Chief Judge*. |

**O R D E R**

Dietrich Richardson pleaded guilty to possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), and possession of an unregistered firearm, 26 U.S.C. § 5861(d), after police discovered a .25-caliber pistol and a sawed-off shotgun in his home. The district court sentenced Richardson to a total of 30 months' imprisonment, the bottom of his guidelines range. Richardson filed a notice of appeal, but his appointed attorney has not identified a potentially meritorious issue to pursue and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Richardson has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues discussed in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Richardson wants his guilty pleas set aside, so counsel first considers whether Richardson could challenge those pleas as involuntary. Richardson has complained to newly appointed appellate counsel that he was forced to choose between accepting the prosecutor's oral plea offer or going to trial with an incompetent attorney. Appellate counsel does not say on what basis Richardson accuses former counsel of performing deficiently, but that omission does not matter because, at least on direct appeal, a claim of ineffective assistance would be premature. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). "In order to make out a claim for ineffective assistance of counsel in the context of a guilty plea, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial." *Bethel v. United States*, 458 F.3d 711, 716 (7th Cir. 2006) (citing *Hill v. Lockhart*, 474 U.S. 52, 57–59 (1985)). As is usually the situation on direct appeal, the record here is too undeveloped to support a claim of ineffective assistance. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Isom*, 635 F.3d 904, 909 (7th Cir. 2011). In reviewing the record, counsel has not discerned any action by Richardson's previous attorney falling below an objective standard of reasonableness. As counsel notes, at one point Richardson did file an unsuccessful, pro se motion asking for substitute counsel due to irreconcilable differences and a lack of communication. But even that contention was undermined when Richardson testified at his change-of-plea hearing that he was satisfied with his lawyer's services. *See United States v. Peterson*, 414 F.3d 825, 826–27 (7th Cir. 2005).

Although appellate counsel does not go on to discuss the plea colloquy, we note that the district judge substantially complied with Federal Rule of Criminal Procedure 11. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997). Our review of the colloquy would be limited to plain error because Richardson did not move to withdraw his guilty pleas in the district court. *See United States v. Franklin*, 547 F.3d 726, 731 (7th Cir. 2008). And though the district court neglected to inform Richardson that his right to counsel extended to every stage of the prosecution, *see* FED R. CRIM. P. 11(b)(1)(D), this omission would not have been plain error. Richardson had been represented throughout the proceedings by appointed counsel and almost certainly was aware that his lawyer would continue on the case if he went to trial. *See United States v. Lovett*, 844 F.2d 487, 491–92 (7th Cir. 1988).

Counsel advises that he reviewed the sentencing proceedings for possible claims but concluded that, at most, Richardson might be able to challenge his 30-month prison sentence as unreasonably long. But even that contention, counsel aptly concludes, would be frivolous. Richardson's within-range sentence is presumed reasonable on appeal, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and counsel cannot discern a reason to set that presumption aside. Nor can we. The

district court adequately discussed the sentencing factors in 18 U.S.C. 3553(a), noting on one hand Richardson's strong family support, and on the other hand, the destructive choices that led Richardson into the criminal justice system.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.